# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**LORENZO SALAZAAR,**

    Plaintiff,

v.                                                                                                        No. CIV. 97-0503  LH/WWD

**THE CITY OF RATON, OFFICER
JEFF ENCINIAS,** City of Raton
Police Officer,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Officer Encinias' Motion for Judgment as a Matter of Law (Docket No. 69), filed pursuant to FED.R.CIV.P. 50(b). The Court, having considered the briefs of the parties and relevant case law, concludes that Defendant's motion is not well taken and shall be **denied**.

This matter was tried to a jury on February 22-24, 1999. The jury entered a verdict and on February 26, 1999, the Court entered judgment in favor of the Plaintiff on the excessive force issue and in favor of Defendants on the issues of battery and damages.

This motion was filed 14 days following entry of judgment, on March 12, 1999. It is Defendant's position that Plaintiff presented insufficient and inadequate evidence to sustain a jury finding of liability on Count I, the excessive force count, and that this Court should grant judgment to him as a matter of law. Specifically, Defendant argues that Plaintiff failed to meet his

1

burden at trial of showing that the force used by Officer Encinias in arresting Plaintiff was "clearly excessive," as required by the Court's jury instruction. Defendant argues that because the jury found no liability on the battery count, which requires a lower level of force than required for liability for excessive force, that the jury's verdict cannot stand. Secondly, Defendant argues that Plaintiff failed to meet his burden of showing that he suffered "some harm," also as required by the Court's jury instruction. Defendant argues that the force he used in the lawful arrest of Plaintiff was reasonable under the circumstances.

**Discussion**

A motion under Rule 50(b) must be filed not later than 10 days after the entry of the verdict. Although this strict time limit cannot be enlarged and technically the Court could deny Defendant's motion on this basis, I prefer to address the substance of the motion.

A motion for judgment as a matter of law under F.R.Civ.P. 50 after a verdict may be granted only when, without weighing the evidence or considering the credibility of the witnesses, the evidence points but one way and is susceptible to no reasonable inferences which may sustain the position of the party against whom the motion is made. *See Pack v. KMart Corp.*, 166 F.3d 1300 (10th Cir. 1999). In considering the motion, this Court must view the evidence in the light most favorable to the party opposing the motion. *Davis v. United States Postal* Serv., 142 F.3d 1334, 1339 (10th Cir. 1998) "When ... the evidence supports a reasonable inference favorable to the jury verdict, the fact that a contrary inference may also be drawn does not mandate the entry of j.n.o.v.." *Zuchel v. City and County of Denver, Colo.*, 997 F.2d 730, 741 (10th Cir. 1993).

These factors are heavily weighted in favor of the jury's verdict. The issues raised by Defendant are largely factual issues. Generally speaking, this Court is bound by a jury's factual

determinations. *Ware v. Unified School District No. 492, Butler County, State of Kan.,* 881 F.2d 906, 911 (10th Cir. 1989).

Plaintiff's showing of the videotape wherein Defendant admitted to striking Plaintiff in the back of his head in an apparently forceful manner precludes granting the relief Defendant seeks. As argued by Plaintiff, I believe it is fair to infer that the jury determined that the actions of Defendant Encinias were objectively unreasonable, sufficient to warrant a finding of excessive force, but that he did not intend to batter Plaintiff. This result is neither inconsistent nor does it establish that Plaintiff failed to prove his excessive force claim. I refuse to conclude that a failure to find excessive force in the battery context conclusively demonstrates a lack of excessive force, as urged by Defendant.

Defendant argues that Plaintiff failed to prove he suffered any harm. It is not necessary that Plaintiff suffer actual damage or physical injury as a prerequisite to recovering on a civil rights theory. *See Sharrar v. Felsing*, 128 F.3d 810, 822 (3rd Cir. 1997). A conclusion that Plaintiff was in no way harmed is untenable in the light of the evidence of Plaintiff being knocked to the ground by a blow received to the back of his head by Defendant Encinias.

The evidence in this case supports reasonable inferences favorable to the jury verdict. A sufficient evidentiary basis exists for a reasonable jury to find for the Plaintiff on the excessive force issue. Defendant's motion shall be **denied.**

**IT IS SO ORDERED.**

_____
**U. S. DISTRICT COURT JUDGE**