# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**LORENZO SALAZAAR,**

      Plaintiff,

v.                                                          No. CIV. 97-0503 LH/WWD

**THE CITY OF RATON, OFFICER
JEFF ENCINIAS,** City of Raton
Police Officer,

      Defendants.

## **MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Plaintiff's Motion for Nominal Damage Award or, in the Alternative, Additur (Post Trial) (Docket No.63) and on Plaintiff's Motion to Alter or Amend Judgment (Post Trial)(Docket No. 65).[1] The Court, having reviewed the briefs of the parties as well as the relevant case law, concludes that the motions before it are well taken and shall be **granted**.

---

[1] Defendants have moved for a Judgment as a Matter of Law (Docket No. 69), that was denied by the Court on in a Memorandum and Opinion filed separately but contemporaneously with this Memorandum Opinion and Order.

1

This matter was tried to a jury on February 22-24, 1999. The jury entered a verdict and on February 26, 1999, consistent with the verdict, the Court entered Judgment in favor of the Plaintiff on the excessive force issue and in favor of Defendants on the issues of battery and damages.

As an initial matter, the Court notes that Plaintiff objected to Defendants' proposed jury instructions that included nominal damages, both in a letter to the Court and in open court. Consistent with Plaintiff's objections, the jury was instructed that it could award compensatory damages, but no instruction was given on nominal damages.

Defendants oppose Plaintiff's motions, based in part on these historical facts as well as on the theory that Plaintiff failed to prove that the force used by Officer Encinias was clearly excessive, failed to prove that Plaintiff suffered any harm, and is therefore not entitled to a verdict or damages.

Plaintiff's argument is that verdicts of zero are not permitted if the plaintiff in a civil rights trial prevails on liability. As stated above, in this instance the jury found that Officer Encinias had used excessive force but that no battery or injury occurred.

The Supreme Court addressed this issue in *Carey v. Piphus*, 435 U.S. 247, 266 (1978):

> Common-law courts traditionally have vindicated deprivations of certain 'absolute' rights that are not shown to have caused actual injury through the award of a nominal sum of money. By making the deprivation of such rights actionable for nominal damages without proof of actual injury, the law recognizes the importance to organized society that those rights be scrupulously observed; but at the same time, it remains true to the principle that substantial damages should be awarded only to compensate actual injury or, in the case of exemplary or punitive damages, to deter or punish malicious deprivations of rights.

In other words, a deprivation of a civil right should be actionable for nominal damages absent

proof of actual injury. *See also O'Connor v. City and County of Denver*, 894 F.2d 1210, 1215 (10th Cir. 1990). This approach is more compelling than that reflected in the "invited error" doctrine relied upon by Defendants. As noted by the Court in *Gibeau v. Nellis*, 18 F.3d 107,110 (2nd Cir. 1994), an award of nominal damages is not discretionary where a substantive constitutional right has been violated. "The great weight of authority holds that when it is determined that the plaintiff's federally protected rights were violated but there is no evidence of actual injury, nominal damages *must* be awarded." MARTIN A. SCHWARTZ & JOHN E. KIRKLIN, SECTION 1983 LITIGATION § 16.5 AT 238 (3RD ED. 1997) (emphasis in original).

Accordingly, this Court should have instructed the jury that it must award nominal damages if it were to find that Salazaar's Fourth Amendment rights were violated, and it should have provided a corresponding verdict form. Because this error may be corrected solely by amending the Judgment and without a new trial, I will amend the Judgment to include an award of nominal damages in the amount of one dollar against Defendant Encinias.

The Supreme Court has ruled that an award of nominal damages in a § 1983 action qualifies the plaintiff as a "prevailing party". *Farrar v. Hobby*, 113 S.Ct. 566 (1992). The Court concludes that Plaintiff is a prevailing party and is therefore entitled to recover his costs of the action. To recover such costs, Plaintiff must file an appropriate motion as specified in D.N.M.LR-CIV. 54.1 within thirty calendar days of entry of the Amended Final Judgment.

The Court has previously ordered that the time for Plaintiff to file any attorney fee application shall be thirty days after the Court's decision is entered on the motions addressed by this Memorandum Opinion and Order (Docket No. 75). This deadline remains unchanged.

**WHEREFORE, IT IS HEREBY ORDERED** that an Amended Final Judgment shall be

entered contemporaneously with this Memorandum Opinion and Order, entering Judgment against Defendant Encinias in the amount of One Dollar and awarding costs of the action to Plaintiff, as prevailing party.

**IT IS SO ORDERED.**

_____
**U. S. DISTRICT COURT JUDGE**